**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1045
_____

CODY SIMENSKY

v.

EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION
SERVICES, LLC; TRANS UNION, LLC


EXPERIAN INFORMATION SOLUTIONS, INC.,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:23-cv-02153)
District Judge: Honorable David S. Cercone
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
On November 10, 2025

Before: RESTREPO, McKEE, and AMBRO, *Circuit Judges*

(Filed:   December 29, 2025)

———————

OPINION[*]

———————

RESTREPO, *Circuit Judge*.

Experian Information Solutions, Inc. ("Experian") appeals the District Court's

denial of its motion to compel arbitration. For the reasons below, we will reverse.

I.

CreditWorks is a credit monitoring online service provided by Experian Consumer

Services ("ECS"), an affiliate of Appellant Experian. Appellee Cody Simensky alleges

that CreditWorks mixed his credit file with his brother's file and published inaccurate

information about him to third parties. Simensky brought suit under the Fair Credit

Reporting Act, 15 U.S.C. § 1681, against Experian and two other defendants.

Experian moved to compel arbitration and attached a declaration from the ECS

Director of Product Operations Dan Smith, which detailed Simensky's enrollment in

CreditWorks, including that Simensky opened a CreditWorks account on November 12,

2023. Smith described the enrollment process, explaining that Simensky created a

CreditWorks account by completing a webform that requested his name, address, and

email address. To complete enrollment, he was required to click a button labeled "Create

Your Account," which appeared below the following sentence: "By clicking 'Create

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Your Account': I accept and agree to your Terms of Use Agreement, as well as acknowledge receipt of your Privacy Policy." App. 41, ¶ 3; App. 46. The phrase "Terms of Use Agreement" contained a hyperlink to CreditWorks' Terms of Use, which included an arbitration agreement.

Smith based his declaration on personal knowledge obtained through his position and duties, which included supporting CreditWorks enrollment, and review of relevant documents in the ordinary course of business. The declaration attached a representation of the webform, the Terms of Use, and the Terms of Use Agreement as they would have appeared when Simensky enrolled.

The District Court denied Experian's motion to compel arbitration and ordered discovery regarding contract formation, finding that Smith's declaration was insufficient to prove that Simensky created a CreditWorks account because Smith "ha[d] no firsthand knowledge" that Simensky himself created an account. App. 9. Rather, the District Court held the declaration only established that "such an account appears to have been created in CreditWorks' records through the use of plaintiff's personal information." *Id.* Despite recognizing that Simensky did not deny creating a CreditWorks account, the District Court found that Simensky's reliance on cases where the plaintiff denied forming an arbitration agreement "raises an inference that he denies creating such an account and/or having an understanding that he did so." App. 4–5 n.2. This appeal timely followed.

II.

3

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. We have jurisdiction pursuant to 9 U.S.C. § 16(a)(1)(A)–(C). *See Young v. Experian Info. Sols., Inc.*, 119 F.4th 314, 318 n.7 (3d Cir. 2024).

We exercise plenary review over the denial of a motion to compel arbitration and apply the standard applied in the District Court. *Id.* A motion to compel arbitration is treated as a summary judgment motion under Federal Rule of Civil Procedure 56(a) where, as here, the "complaint does not set forth clearly that the claims are subject to an arbitration agreement." *Id.* at 319. We thus determine whether there is "no genuine dispute as to any material fact and, after viewing facts and drawing inferences in favor of the non-moving party, the party moving to compel is entitled to judgment as a matter of law." *Id.* at 318 n.7 (quoting *Jaludi v. Citigroup*, 933 F.3d 246, 251 n.7 (3d Cir. 2019)).

## III.

The District Court erred in denying the motion to compel and ordering discovery as there was no genuine dispute of material fact as to contract formation.

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, authorizes courts to compel arbitration so long as "(1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of that agreement." *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009). This case only involves the contract formation prong. Courts look to state law to determine whether an arbitration agreement is enforceable, and the parties agree that Pennsylvania law applies here. *Id.* Pennsylvania law requires Experian to prove the following elements by a preponderance of the evidence: (1) a manifestation of an intention to be bound by the agreement; (2) definite

4

contractual terms; and (3) consideration. *Id.*; *see Gasbarre Prods., Inc. v. Smith*, 270 A.3d 1209, 1218 (Pa. Super. Ct. 2022). This dispute concerns only the first prong of mutual assent and the specific issue of whether Simensky himself created the CreditWorks account.[1]

The Smith declaration provided that Simensky created a CreditWorks account and clicked the "Create Your Account" button, which constituted acceptance of an agreement to arbitrate. However, the District Court concluded that Experian failed to meet its burden because "Smith ha[d] no firsthand knowledge that it was plaintiff who created such an account" and rather, there was a possibility that Simensky's personal information was used to create the account without his involvement or consent. App. 9–10. We disagree. Under Federal Rule of Civil Procedure 56, Smith's declaration needed to "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). We are satisfied that Smith had sufficient personal knowledge to support all facts in his declaration, including that Simensky created an account.

Smith testified that he was the Director of Product Operations for ECS and his duties included "supporting the consumer enrollment process" and required, among other things, familiarity with "the personally identifiable information entered when enrolling,"

---

[1] The District Court recognized that Smith's declaration sufficiently demonstrates that Simensky otherwise agreed to the arbitration agreement. *See* App. 9 ("His affidavit does show that if it was plaintiff who created the account and utilized the CreditWorks monitoring services, then it is likely that plaintiff agreed to the terms of the agreement through the sign-on/account creation process.").

5

which allowed him to locate Simensky's membership details. App. 40. Smith affirmed that his declaration was based on "personal knowledge" acquired "in the course and scope of [his] job responsibilities and through the review of pertinent documents maintained as business records." App. 40–41. No more was needed. As our sister circuits have held in substantially similar cases, declarations like Smith's satisfy Experian's burden. In *Austin v. Experian Information Solutions, Inc.*, the Fourth Circuit reversed the denial of Experian's motion to compel arbitration, holding that an Experian employee's declaration similar to the Smith declaration met Experian's burden and showed that the plaintiff "had indeed enrolled" in CreditWorks, as the record did not suggest that the employee "lacked personal knowledge of whether someone signed up for a free product offered by the company, the date that they did so, and the terms of use in effect at that time." 148 F.4th 194, 204 (4th Cir. 2025). In *Lamonaco v. Experian Information Solutions, Inc*, the Eleventh Circuit concluded that an Experian employee's declaration was "competent, unrebutted evidence that [the plaintiff] agreed to its Terms of Use" and "satisfied Experian's initial burden to prove the existence of an agreement." 141 F.4th 1343, 1349 (11th Cir. 2025). Indeed, the personal knowledge requirement does not require Experian to provide additional details to establish that Simensky created his account.

Moreover, Simensky offered no factual rebuttal and does not deny that he opened the CreditWorks account. To rebut Experian's evidence that he created an account, Simensky needed to do more than "simply show that there is some metaphysical doubt as to the material facts." *United States v. Donovan*, 661 F.3d 174, 185 (3d Cir. 2011)

6

(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)). Speculation that someone else *may* have used Simensky's credentials to open an account does not pass muster. While we draw all reasonable inferences in favor of Simensky, "an inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat summary judgment." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 837 F.3d 231, 235 (3d Cir. 2016) (quoting *Halsey v. Pfeiffer*, 750 F.3d 273, 287 (3d Cir. 2014)).

Therefore, Smith's declaration is sufficient to prove that an arbitration agreement existed, and there was no sufficient basis to deny Experian's motion to compel.[2] And as there is no factual dispute as to the existence of the agreement, discovery on the motion to compel is unwarranted. *Young*, 119 F.4th at 320 ("[D]iscovery addressing a motion to compel arbitration is unnecessary when no factual dispute exists as to the existence or scope of the arbitration agreement.").

IV.

The District Court erred in finding that Experian did not prove that Simensky created a CreditWorks account and erred in ordering discovery. We will reverse and

---

[2] We also reject Simensky's alternative argument that the CreditWorks website did not provide sufficient notice of the terms of the Terms of Use Agreement. The CreditWorks webpage placed Simensky on clear and reasonably conspicuous notice of the agreement. *See Austin*, 148 F.4th at 207; *cf. James v. Glob. TelLink Corp*, 852 F.3d 262, 267 (3d Cir. 2017) (noting that enforceability of browsewrap agreement terms "often turn[s] on whether the terms or a hyperlink to the terms are reasonably conspicuous on the webpage").

remand with instructions to grant Experian's motion to compel arbitration.